UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.R. D. WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 C 373 |
| v. | ) |
| | ) Judge George M. Marovich |
| CENTRAL FREIGHT LINES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff J.R. D. Woods ("Woods") filed a complaint asserting that he was discriminated against by defendant Central Freight Lines ("Central Freight") on the basis of his color in violation of Title VII of the Civil Rights Act of 1964. Defendant filed a motion to dismiss plaintiff's complaint. For the reasons set forth below, the Court grants defendant's motion and dismisses with prejudice plaintiff's case.

**I.   Background**

For purposes of a motion to dismiss, the Court takes as true the allegations in Woods's complaint. As is turns out, only one fact is relevant. Plaintiff alleges that he received his *Notice of Right to Sue* from the Equal Employment Opportunity Commission ("EEOC") on October 20, 2005.

**II.   Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344

F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c).

### III. Discussion

Title VII sets out administrative requirements that must be met before one may file a discrimination complaint in federal court. The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

**The 90-day requirement**

Among other procedural requirements, a plaintiff wishing to pursue his Title VII claim in federal court must file the federal claim within 90 days after receiving a *Notice of Right to Sue* from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005). This (as is every) statute of limitations is an affirmative defense, and

the plaintiff need not plead around it. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

In this case, plaintiff alleged in his complaint that he received his *Notice of Right to Sue* on October 20, 2005. Defendant argues that plaintiff filed his complaint on February 14, 2006, more than ninety days later. Actually, on January 20, 2006, plaintiff submitted to the Clerk of Court his complaint and a petition to proceed *in forma pauperis*. Because the Court granted the petition to proceed *in forma pauperis*, plaintiff's complaint is deemed filed on January 20, 2006. *See* Local Rule 3.3(d)(2). But January 20, 2006, is the ninety-second day after plaintiff admits that he received his *Notice of Right to Sue*. Thus, plaintiff has plead himself out of Court by pleading that his claim is time-barred.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss plaintiff's case. The Court hereby dismisses with prejudice plaintiff's case.

ENTER:

George M. Marovich
United States District Judge

DATED: December 20, 2006